Filed 5/21/24  P. v. Lankford CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E081026 |
| v. | (Super.Ct.Nos. RIF1803987, RIF1804692) |
| DANTE MAURICE LANKFORD, | |
|     Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Rex A. Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Dante Maurice Lankford was convicted by a jury of 22 criminal offenses as a result of multiple incidents involving his wife. He now appeals from his second sentencing, which reduced his original term of 45 years in state prison to 37 years in prison. He contends the trial court erred by refusing to dismiss various sentencing enhancements in accordance with Penal Code[1] section 1385, since it failed to find that dismissal of the enhancements would endanger public safety. We find no error and affirm.

## PROCEDURAL BACKGROUND

A jury convicted defendant of 22 offenses, including, among others, making criminal threats (§ 422), assault with a firearm (§ 245, subd. (a)(2)), being a felon in possession of a firearm (§ 29800, subd. (a)(1)), stalking (§ 646.9, subd. (b)), inflicting corporal injury on a spouse (§ 273.5, subd. (f)(2)), dissuading a witness by use of force (§ 136.1, subd. (c)(1)), violating a protective order (§ 166, subd. (c)(1)), and robbery (§ 211). The jury also found true that defendant personally inflicted great bodily injury (GBI) on the victim (§ 12022.7, subd. (e)) during the commission of inflicting corporal injury (count 1), and he personally used a firearm (§ 12022.5, subd. (a)), in the commission of making criminal threats (count 2). (*People v. Lankford* (Feb. 7, 2022, E072649) [nonpub. opn.] (*Lankford*).) Defendant admitted he had a prior serious felony conviction (§ 667, subd. (a)), a prior strike conviction (§§ 667, subds. (c) and (e)(1),

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

1170.12, subd. (c)(1)), and a prison prior (§ 667.5, subd. (b)). (*Lankford*, at p. 12.) The trial court sentenced him to a total term of 45 years in state prison.

Defendant appealed, raising numerous claims. Subsequently, on February 7, 2022, this court ordered the prison prior and the incarceration costs stricken, and we remanded the matter for resentencing in accordance with recently enacted amendments to the sentencing statutes. In all other respects, we affirmed the judgment. (*Lankford*, *supra*, E072649, at pp. 44-45.)

The People filed a sentencing brief stating that defendant should be resentenced to the middle term on count 2 and the attached enhancement and that the court should strike the section 667.5, subdivision (b), prison prior, pursuant to a recent amendment to the statute, and also strike the incarceration costs. Defendant submitted a sentencing brief and asked the court to strike his prior strike conviction, as well as all of the enhancements, and order the sentences to run concurrent, which would result in a total term of seven years.

On March 9, 2023, the trial court held a sentencing hearing. The prosecutor argued for the maximum sentence, asserting that defendant had been committing acts of domestic violence for years upon his former girlfriend and then his wife. The prosecutor described his cruel acts and argued, "That is the man before the Court. That is the abuser who has gone out into society and abused his partners time and time again." She further argued that he was "rightfully deserving for his conduct for the 22 counts that he has been

3

convicted of[,] of the maximum sentence that the law provides to make sure that the public remains safe."

The court first denied defendant's request to strike the prior strike conviction, noting that, in the instant case, there were "just too many offenses" and "[t]oo many of them [were] violent in nature." The court then cited defendant's extensive criminal history, which spanned from 2003 to 2017, and described it as "a series of crimes, many of them violent in nature, of increasing severity."[2] The court stated that it completely agreed with the prosecutor's comments during her argument for the maximum sentence. The court likewise denied defendant's request to dismiss the enhancements. With regard to the section 12022.5, subdivision (a), enhancement, it specifically stated, "[T]he Court is mindful of all of its discretion." However, the court concluded, "I'm declining to exercise it given the nature of the circumstances that surround this case." With regard to the section 667, subdivision (a), enhancement, it stated, "[T]he Court is mindful that now under 1385, the Court does have discretion to strike that. For the reasons that I articulated during the *Romero*[3] analysis, I am declining that invitation. The defendant, as I said, when you look at everything, appears to be a poster child for recidivist statute." Addressing defendant directly, the court added, "I'm not trying to be disrespectful to you,

---

[2] Defendant's prior crimes included convictions for carrying a concealed firearm (former § 12025, subd. (a)), battery on a spouse (§ 243, subd. (e)(1)), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and multiple convictions of inflicting corporal injury on a spouse (§ 273.5, subd. (a)).

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

4

sir, but it is rare that you see somebody with this many crimes committed in a single charging document."

The court struck the incarceration fees and the prison prior, and it reduced the upper-term sentences to middle-term sentences, which resulted in a reduced aggregate term of 37 years in state prison. After the court pronounced judgment, defense counsel argued that, since the court did not grant the request to strike the prior strike, it would be in the interests of justice for the court to strike the section 667 "nickel prior." The court responded: "The law now stands for the proposition that I'm supposed to consider the aggravation of multiple enhancements and I should err on the side of only one and if the use of enhancements would cause a sentence greater than 20 years, I'm supposed to consider not imposing the enhancement." The court then stated, "But in this particular case, given the defendant's criminal history, given his strike prior, given the multiplicity of events here that happened over months, the Court does find that he is a danger to society; and exercising that discretion, does represent a danger to society. And for that reason, the Court is not limiting the application of . . . the enhancements."

## DISCUSSION

### The Court Properly Exercised its Discretion When it Declined to Dismiss Defendant's Sentencing Enhancements

Defendant states that his sentence included a firearm enhancement, a GBI enhancement, and a prior serious felony enhancement, and he argues that the trial court erred in failing to dismiss two of the three enhancements, pursuant to a recent amendment

5

to section 1385. He claims that it is not clear whether the court was aware of the recent amendment or that it understood its discretion to dismiss the enhancements under the amendment. He then specifically contends the court erred by not dismissing two of the three enhancements, as it was required to do so under section 1385, subdivision (c), since it failed to find that dismissing them would endanger public safety.

Thus, defendant claims his sentence should be vacated and the matter remanded with directions for the trial court to either dismiss two of the enhancements or, in the alternative, determine whether dismissal would endanger public safety. The People argue the court *did* determine that defendant posed a danger to society, and therefore it properly denied his request to strike the enhancements. We agree with the People.

A. *Relevant Law*

"Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) amended section 1385 to include subdivision (c). [Citation.] Section 1385(c)(1) provides that '[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.'" (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 295 (*Mendoza*); § 1385(c)(1).) Section 1385, subdivision (c)(2), provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court

6

finds that dismissal of the enhancement would endanger public safety."  One of the mitigating circumstances is that "[m]ultiple enhancements are alleged in a single case." (§ 1385, subd. (c)(2)(B).)  Another one is that "[t]he application of an enhancement could result in a sentence of over 20 years."  (§ 1385, subd. (c)(2)(C).)  Both of these circumstances are applicable in this case.

"In general, we review for abuse of discretion the trial court's decision not to strike a sentence enhancement under section 1385, subdivision (a)."  (*Mendoza*, *supra*, 88 Cal.App.5th at p. 298.)  Similarly, abuse of discretion is the proper standard of review for the trial court's determination that dismissal of an enhancement would endanger public safety.  (*Ibid.*)

B.  *The Court Found That Dismissal of the Enhancements Would Endanger Public Safety*

At the outset, we note that, contrary to defendant's claim, the record clearly reflects the court's awareness of the recent amendment to section 1385.  Regarding the section 667, subdivision (a), enhancement, the court stated, "[T]he Court is mindful that now under 1385, the Court does have discretion to strike that."  It further explained, "The law now stands for the proposition that I'm supposed to consider the aggravation of multiple enhancements and I should err on the side of only one and if the use of enhancements would cause a sentence greater than 20 years, I'm supposed to consider not imposing the enhancement."  The court's comment was clearly referencing section 1385, subdivisions (c)(2)(B), and (c)(2)(C), and shows that the court understood its discretion.

7

Furthermore, defendant's entire argument is based on the claim that the trial court did not find that dismissing the sentence enhancements would endanger public safety. However, the record belies this claim. The court first denied defendant's *Romero* request to strike his prior strike conviction. In doing so, it referred to his criminal history, which dated back to 2003, and enumerated his prior convictions, noting that they were "a series of crimes, many of them violent in nature, of increasing severity." The court also referenced the instant case and found that there were "just too many offenses" and that many of them were "violent in nature." The court then proceeded to decline to exercise its discretion under section 1385 to dismiss the section 667, subdivision (a), enhancement. The court stated, "For the reasons that I articulated during the *Romero* analysis, I am declining that invitation." The court further stated that "when you look at everything, [defendant] appears to be a poster child for recidivist statute [*sic*]." The court remarked that it was rare to "see somebody with this many crimes committed in a single charging document" and stated that "[t]his case presents first, last, and foremost like a domestic violence fact pattern." With regard to the section 12022.5, subdivision (a), firearm enhancement, the court stated that it was "mindful of all of its discretion" but it was "declining to exercise it given the nature of the circumstances that surround this case." The court went on to refer to the mitigating circumstances in section 1385, subdivisions (c)(2)(B) and (c)(2)(C), in further explaining its decision. The court expressly stated that "given the defendant's criminal history, given his strike prior, given the multiplicity of events here that happened over months, the Court *does* find that *he is a*

8

*danger to society*; and *exercising that discretion*, does represent *a danger to society*."
(Italics added.)  Thus, the court properly declined to exercise its discretion to dismiss the
enhancements, finding that dismissal of the enhancements would endanger public safety.
(§ 1385, subd. (c)(2).)  Moreover, in light of the court's consideration of defendant's
extensive criminal history and the circumstances of the current offenses, we cannot say
its determination that dismissal of the enhancements would endanger public safety was an
abuse of discretion.

In his reply brief, defendant aptly acknowledges that the court found he was a
danger to society when explaining why it was "not limiting the application . . . of the
enhancements."  He nonetheless cites to his age and points out that, if the court had
dismissed the five-year enhancement and thereby reduced his sentence to 32 years, he
would be in his late 60's or early 70's when released, and the record does not reflect that
the court considered whether his release at that age would pose a risk of serious danger to
society; rather, it found he posed a current danger to society.  However, we observe that
section 1385, subdivision (c)(2), does not require the trial court to consider any particular
factors in determining whether dismissal would endanger public safety.  (*Mendoza*,
*supra*, 88 Cal.App.5th at p. 299; § 1385, subd. (c)(2).)  To the extent defendant is
maintaining his claim that the court did not make a proper finding that the dismissal of
the enhancements would endanger public safety, we disagree, in view of the court's clear
finding that he was a danger to society.  (See *ante.*)  Further, given defendant's recidivist

history, as outlined by the trial court, the court had every reason to believe that defendant posed a danger to society now and in the future.

In light of defendant's extensive criminal history and the number and violent nature of the offenses in the current case, we conclude that the trial court did not abuse its discretion in declining to dismiss the sentencing enhancements.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

10